UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRETT JUSTON FADDEN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>PAT L. VASQUEZ, Warden,<br><br>　　　　　Respondents. | No.  1:17-cv-00398-SKO  HC<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND**<br><br>**(Doc. 1)** |

**Screening Memorandum**

Petitioner Barrett Juston Fadden is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Court has reviewed the habeas petition (Doc. 1) and determined that the petition cannot proceed as filed.  Accordingly, the Court will dismiss the petition with leave to amend to permit Petitioner to correct the noted deficiencies.

**I.	Preliminary Screening**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

1

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

## II.     Ground One is Not Cognizable in a Federal Habeas Petition

Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact of duration of his confinement and seeks immediate or speedier release. *Reiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In general, § 2254 is intended to redress violations of the U.S. Constitution. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Habeas corpus is neither a substitute for a direct appeal nor a device for federal review of the merits of a guilty verdict rendered in state court. *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979) (Stevens, J., concurring). Habeas corpus relief is intended to address only "extreme malfunctions" in state criminal justice proceedings. *Id.* Under AEDPA, a petitioner can prevail only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 70-71 (2003); *Williams*, 529 U.S. at 413.

"By its terms, § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions set forth in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

Petitioner's sole ground for relief alleges that he was convicted in violation of a statutory prohibition against multiple punishments for a single physical act. Petitioner identifies the statute only as § 654, without specifying a federal or state statutory title. He fails to set

2

forth any factual basis for this conclusory allegation. As a result, the Court cannot evaluate whether Petitioner's claim meets the requirement of § 2254 of (1) an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. If Petitioner chooses to amend his petition, as this screening order permits him to do, he must specifically identify the statutory source of the alleged legal violation and briefly, but completely, explain the facts supporting the allegation.

### III. Petition Does Not Allege Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must first exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. *Duncan*, 513 U.S. at 365; *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

The petition alleges that Petitioner appealed his conviction to the California Court of Appeal, but does not allege that Petitioner also appealed the conviction to the California Supreme

Court. If the California Supreme Court has not reviewed Petitioner's claim, Petitioner has not exhausted state remedies, and the Court must dismiss the petition. If Petitioner has pursued his claim to the California Supreme Court, the amended petition should disclose the relevant information requested at paragraph 9(e) of the petition form.

## IV. Conclusion and Order

Accordingly, the Court hereby ORDERS:

1. The petition for writ of habeas corpus is hereby DISMISSED with leave to amend.

2. The Clerk of Court shall send Petitioner a copy of this order and a form for a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.

3. Within 30 days of this order, Petitioner shall file an amended petition correcting the deficiencies noted in this order. Petitioner shall sign the petition under penalty of perjury where indicated.

4. If Petitioner fails to file an amended petition within thirty (30) days from the date of this order, the case will be dismissed without further notice for lack of prosecution.

IT IS SO ORDERED.

Dated:   **March 23, 2017**                    /s/ *Sheila K. Oberto*
                                               UNITED STATES MAGISTRATE JUDGE