UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRETT JUSTON FADDEN,<br><br>  Petitioner,<br><br>v.<br><br>PAT L. VASQUEZ, Warden,<br><br>  Respondent. | No. 1:17-cv-00398-AWI-SKO HC<br><br>**FINDINGS AND RECOMMENDATION THAT COURT DENY PETITIONER'S MOTION TO AMEND AND GRANT RESPONDENT'S MOTION TO DISMISS THE PETITION**<br><br>**(Docs. 14 and 19)** |

Petitioner Barrett Juston Fadden is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 23, 3017, Respondent moved to dismiss the petition, contending that (1) the petition failed to state a cognizable federal claim and (2) was untimely. On July 24, 2017, Petitioner moved to amend the petition to state a federal claim. Thereafter, on August 17, 2017, Petitioner filed opposition to the motion to dismiss. The undersigned recommends that the Court deny the motion to amend and dismiss the petition as untimely.

I. **Procedural and Factual Background**

Following trial in Kern County Superior Court in 2006, Petitioner was convicted of being a prisoner in possession of a weapon (Cal. Penal Code § 4502(A)). The court sentenced Petitioner to an indeterminate term of 25 years to life under California's three strikes law, to be served consecutively to his then-current term of imprisonment.

1

Effective November 8, 2012, California Proposition 36, also known as the Three Strikes Reform Act of 2012 (the "Act"), modified the sentencing provisions of the Three Strikes Law. The state court summarized the Act as follows:

> The Act changes the requirements for sentencing a third strike offender to an indeterminate term of 25 years to life imprisonment. Under the original version of the three strikes law a recidivist with two or more prior strikes who is convicted of any new felony is subject to an indeterminate life sentence. The Act diluted the three strikes law by reserving the life sentence for cases in which the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor, In all other cases, the recidivist will be sentenced as a second strike offender. (§§ 667, 1170.12.) The Act also created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126.)
> (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168, 151 Cal. Rptr.3d 901.)

*People v. Osuna*, 225 Cal. App.4th 1020, 1026 (2014).

On August 11, 2014, Petitioner filed a petition for recall of sentence in Kern County Superior Court. On November 6, 2014, the court found Petitioner ineligible for resentencing because he was armed with a deadly weapon (razor blades) during the commission of the offense. *See* Cal. Penal Code § 667(e)(2)(C)(iii) (defining as ineligible for resentencing a prisoner who "[d]uring the commission of the offense, . . . . used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person"). The California Court of Appeal affirmed on May 13, 2016. *See People v. Fadden*, 2016 WL 2893077 (Cal. App. May 13, 2016) (No. F070463). The California Supreme Court denied review on July 20, 2016.

Petitioner filed the above-captioned petition on March 20, 2017.

**III.     Statute of Limitations**

The motion to dismiss presents as an alternative disposition that, if the Court does not

agree with Respondent's contention that the complaint fails to state a cognizable federal habeas claim, it should be dismissed as untimely. The undersigned disagrees and recommends that the Court dismiss the petition on statute of limitations grounds. A court should typically resolve a statute of limitations defense before addressing other procedural issues or substantive claims. *White v. Klitzkie*, 281 F.3d 920, 921-22 (9th Cir. 2002).

Petitioner supports his contention that the petition was timely with a letter from his state appeals counsel stating that Petitioner had "one year from July 20, 2016, to file a petition for writ of habeas corpus in the federal court." Doc. 22 at 12. Counsel's opinion was incorrect.

Under the Antiterrorism and Effective Death Penalty Act of 1996, which applies here, a one-year statute of limitations applies to petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The limitations period begins to run from the latest of four dates: (1) the date on which judgment is final; (2) the date on which an impediment to filing, created by government action in violation of the federal constitution or laws, is removed; (3) the date on which a federal constitutional right is newly recognized and made retroactively applicable by the Supreme Court; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). The limitations period is statutorily tolled during the pendency of a properly filed petition for state post-conviction or other collateral review. 28 U.S.C. § 2244(d)(2).

The petition alleges that Petitioner was wrongly convicted under § 4502(A) but sentenced under the Three Strikes Law (Cal. Penal Code § 667.5(c)). These grounds would have been apparent to Petitioner immediately following the 2006 conviction and sentencing, and could have been addressed in either the direct appeal or in collateral proceedings following the conclusion of the direct appeal. Accordingly, the undersigned finds that the articulated grounds of the petition relate to Petitioner's 2006 conviction for being a prisoner in possession of a weapon (Cal. Penal

3

Code § 4502(A)), not his 2014 petition for recall. Because these grounds relate to the original conviction and sentencing, the statute of limitations required that the federal habeas petition be filed within one year of the date on which the judgment became final.

After the judgment of conviction was entered on February 14, 2006, Petitioner pursued a direct appeal in state court. The California Court of Appeal affirmed the conviction on January 4, 2007, and the California Supreme Court denied review on March 14, 2007. *People v. Fadden*, 2007 WL 17072 (Cal. App. Jan. 4, 2007) (No. F049795), petition for review denied (Cal. Supreme Mar. 14, 2007) (No. S150014). The judgment became effective 90 days later, on June 12, 2007, and the limitation period ended one year later on June 12, 2008. Petitioner did not seek collateral relief in state or federal court.

Even if the court were to construe the language of the petition broadly and assume that Petitioner intends one or all of these grounds to refer directly to the denial of his 2014 petition for recall, the petition is untimely. Petitioner's opportunity to seek resentencing arose with California's adoption of Proposition 36 on November 7, 2012. Its provisions became effective the next day. Petitioner had one year from the effective date to file a federal petition. 28 U.S.C. § 2244(d)(1)(D). Petitioner did not file a federal petition before the filing period ended on November 8, 2013. Because Petitioner did not file his state petition until August 11, 2014, after the federal statutory period had expired, the tolling provisions of 28 U.S.C. § 2244(d)(2) do not apply. The above-captioned petition filed on March 20, 2017 is, therefore, barred by the statute of limitations.

### III. No Federal Habeas Relief for State Law Claims

Even if the petition were not time-barred, the absence of any cognizable federal habeas claim would preclude its proceeding. "[F]ederal habeas corpus relief does not lie for errors of state law." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (quoting *Estelle v. McGuire*, 502 U.S.

4

62, 67 (1991)). "The federal habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Swarthout*, 562 U.S. at 219 (internal citations omitted). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010).

A challenge to the provisions of a state sentencing law does not generally state a claim cognizable in federal habeas proceedings. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). This Court is bound by the state court's determination concerning the provisions of state law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (quoting *Estelle*, 502 U.S. at 67-68 ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus")). Challenges to the denial of resentencing under the Act do not implicate a federal constitutional right. *Nelson v. Biter*, 33 F.Supp.3d 1173, 1178 (C.D. Cal. 2014).

In federal habeas corpus review, the question "is not whether the state sentencer committed state-law error," but whether the sentence imposed on the Petitioner is "so arbitrary and capricious" as to constitute an independent due process violation. *Richmond v. Lewis*, 506 U.S. 40, 50 (1992). Petitioner contends that his sentence is arbitrary and capricious because the state court's refusal to recall Petitioner's sentence violated the state's prohibition against multiple punishments for the same act set forth in California Penal Code § 654.

Petitioner's claim that the effect of the state court's denial of his petition for recall constituted impermissible multiple punishment for the same crime does not establish that Petitioner's sentence is arbitrary or capricious so as to establish an independent due process violation. In fact, denial of the recall petition cannot reasonably be said to fall within the scope of § 654.

California Penal Code § 654(a) provided: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." *People v. Gonzalez*, 2014 WL 222960 at *6 (Cal. App. Jan. 21, 2014) (Nos. C068273 and C069071). The statute does not preclude multiple convictions but does preclude multiple punishments. *Id.* When a defendant is convicted of independent violations arising from otherwise indivisible conduct, "the proper procedure is to stay execution of sentence on one of the offenses." *Id.* (quoting *People v. Monarrez*, 66 Cal.App.4th 710, 713 (1998). In this case, because Petitioner was convicted of only a single offense, being a prisoner in possession of a weapon, and received only a single punishment, § 654 was not violated.

Petitioner's argument is reminiscent of an earlier attempt to categorize denial of a petition for recall of sentence following the Act as a violation of the double jeopardy clause of the Fifth Amendment. *See Olivarez v. Lizarraga*, 2015 WL 521431 (E.D. Cal. Feb. 9, 2015) (No. 1:14-cv-01354-LJO-MJS HC). In *Olivarez*, the Court wrote:

> Petitioner's Three Strikes Reform Act proceeding was not a new trial on the charges against him and it did not result in the imposition of any new punishment. Rather, it was a hearing to determine whether Petitioner was suitable for discretionary relief from his sentence. The court's decision that Petitioner was not suitable [for] relief did not increase his sentence nor did it alter his conviction in any way. Just like the denial of parole, the denial of relief under the act did not modify or change Petitioner's underlying sentence.

2015 WL 521431 at *5.

In summary, the above-captioned petition does not allege a cognizable federal claim for habeas corpus relief. Amendment to recast the claimed violation of California Penal Code § 654 would be futile. The Court should dismiss the petition.

///

///

6

## IV. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>     (B) the final order in a proceeding under section 2255.
>
>     (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>     (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate

///

"something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the recommended determination that Petitioner is not entitled to federal habeas corpus relief to be debatable or wrong, or conclude that the issues presented required further adjudication. Accordingly, the Court should decline to issue a certificate of appealability.

**V.      Conclusion and Recommendation**

The undersigned recommends that the Court dismiss the petition for writ of habeas corpus as untimely and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 29, 2017**          /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE